UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Sarashowti SHRESTHA,

    Plaintiff,

vs.

Denis RIORDAN, District Director of Boston District Office of U.S. Citizenship and Immigration Services;

Michael J. McCLEARY, Field Office Director of Boston District Office of U.S. Citizenship and Immigration Services;

Alejandro MAYORKAS, Secretary of the U.S. Department of Homeland Security;

Ur JARROU, Director of U.S. Citizenship and Immigration Services;

Merrick GARLAND, Attorney General of the United States;

    Defendants.

Civil Action No: _____

Case No: _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY DECISION UNDER THE ADMINISTRATIVE PROCEDURES ACT**

NOW COMES Plaintiff Sarashowti Shrestha ("Plaintiff" or "Mrs. Shrestha") and complains of the defendants as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this Action to challenge the United States Citizens & Immigration Services (USCIS)' revocation of the I-130, Petition for Alien Relation ("I-130 Petition") filed on behalf of her husband, Rajendra Shrestha ("Mr. Shrestha"), on December 21, 2017. *See* Exhibit A.

2. On July 24, 2018, USCIS approved the I-130 Petition. However, on November 14, 2019, USCIS revoked the approved I-130. USCIS revoked the approved I-130 Petition based on their claim that Mr. Shrestha had allegedly engaged in a fraudulent marriage with his prior spouse, Sanu Maiya Thakuri ("Sanu"). *See* Exhibit A.

3. The Defendants' denial of Plaintiff's I-130 Petition was in violation of the Administrative Procedures Act as it was arbitrary and capricious. Therefore, Plaintiff respectfully requests that Defendant's Denial be reversed.

## JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. § 1331 (federal jurisdiction question) and § 2201 (action seeking a declaratory judgment).

5. The Administrative Procedures Act (APA) provides a cause of action and allows for a waiver of sovereign immunity. 5 U.S.C. § 702.

## STANDING

6. The APA provides the right of review for any individual "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' improper denial of Plaintiff's I-130 Petition has adversely affected his ability to obtain LPR status in the United States. Mrs. Shrestha thus falls within the APA's standing provisions.

## VENUE

7. Venue lies in the District of Massachusetts because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Massachusetts. 28 U.S.C. §§ 1391(b), (e).

## PARTIES

8. Plaintiff is the United States citizen spouse of Mr. Shrestha, who is a native and citizen of Nepal, who was born on March 13, 1978. Mr. Shrestha first arrived in the United States under a B-1 visa on June 8, 2002.

9. Defendant Denis Riordan is the District Director of USCIS' Boston District Office. He has the responsibility for the adjudication of immigration applications and petitions, such as the one filed by Plaintiff. He is sued in his official capacity.

10. Defendant Michael J. McCleary is the Field Office Director for the Boston Field Office that failed to properly adjudicate Plaintiff's I-130 Petition in accordance with the INA. He is sued in his official capacity.

11. Defendant Alejandro Mayarkas is the Secretary for the Department of Homeland Security ("DHS"), which is the cabinet department responsible for, among other things, administering and enforcing the nation's immigration laws. 6 U.S.C. § 251. He is also authorized to delegate such powers and authorities to subordinate employees of DHS, including, but not limited to, USCIS. He is sued in his official capacity.

12. Defendant Ur Jarrou is the Director of USCIS. She is charged with supervisory authority over all operations of USCIS. She is sued in her official capacity.

13. Defendant Merrick Garland is the Attorney General of the United States, the head officer in the Department of Justice ("DOJ"). He is an official generally charged with supervisory authority over all operations of the DOJ under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## FACTS

1. Plaintiff is the United States citizen spouse of Mr. Shrestha, who is a native and citizen of Nepal, who was born on March 13, 1978. Mr. Shrestha first arrived in the United States under a B-1 visa on June 8, 2002.

2. On December 21, 2017, Plaintiff filed an I-130 Petition on behalf of her husband, Mr. Shrestha. *See* Exhibit A.

3. USCIS approved the I-130 Petition on July 24, 2018. However, on August 29, 2019, Plaintiff received a Notice of Intent to Revoke (NOIR) from USCIS alleging that Mr. Shrestha had engaged in a fraudulent marriage with his prior spouse. *See* Exhibit A.

4. Plaintiff timely responded to the NOIR on September 26, 2019, with additional evidence, which included affidavits written by Mr. and Mrs. Shrestha explaining discrepancies outlined in the letter. *See* Exhibit A.

5. On November 14, 2019, USCIS revoked the I-130 approval citing Mr. and Mrs. Shrestha's alleged failure to explain the discrepancies outlined in the NOIR. *See* Exhibit A.

6. Plaintiff filed a timely Notice of Appeal from the Decision of a USCIS Officer on December 13, 2019. *See* Exhibit B.

7. On January 10, 2020, Plaintiff filed an appeal with the Board of Immigration Appeals (BIA). *See* Exhibit C.

8. On October 4, 2023, the DHS responded to the Appeal alleging that USCIS properly determined that Mr. Shrestha was subject to Section 204(c), which prohibited the approval of any visa petition filed on his behalf. *See* Exhibit D,

9. On January 29, 2024, the BIA adopted the USCIS' decision that revoked the approval of the I-130 Petition and dismissed the Appeal. *See* Exhibit E,

## COUNT ONE
### (Violation of The Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq*.)

10. Plaintiff repeats, alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

11. Plaintiff has been aggrieved by agency action under the Administrative Procedures Act, 5 U.S.C. § 701 *et. seq.*

12. Defendants erred when they denied Plaintiff's I-130 Petition for Mr. Shrestha's alleged fraudulent marriage to Sanu because they failed to identify substantial and probative evidence of an attempt or conspiracy to enter a marriage for purposes of evading the immigration laws for the fraudulent marriage bar of section 1154(c) to apply. The facts that are identified to support the alleged claim of fraud fall short of this standard as the officers made an inference based solely on Mr. Shrestha's alleged failure to have any personal items in their Colorado home, which he explained to officers that the clothing found was his and that he was not currently living in the home full time due to issues with his stepson. Further, the documents Plaintiff submitted to USCIS for the subsequent I-130 sufficiently explain the discrepancies noted in the NOIR and demonstrate that Mr. Shrestha's prior marriage was not fraudulent.

13. Defendants acted contrary to law in violation of the Administrative Procedures Act by denying Plaintiff's I-130 Petition.

14. Plaintiff has exhausted all administrative remedies available to them as of right.

15. Plaintiff has no other recourse to judicial review other than by this action.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff prays that this Court grant the following relief:

1. Order Defendants to adjudicate Plaintiff's request to re-open her I-130 Petition;

2. Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 if applicable; and,

3. Order any further relief this Court deems just and proper.

**OR, in the alternative:**

4. Declare Defendants' failure to adjudicate Plaintiff's request to re-open her I-130 Petition;

5. Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 if applicable; and,

6. Order any further relief this Court deems just and proper.

Dated: June 10, 2024                                        Respectfully Submitted,

*/s/ Rachel L. Rado*

Rachel L. Rado, Esq. | BBO #: 682095
Attorney for the Plaintiff
Law Offices of Rachel L. Rado
175 Portland Street, 2nd Floor
Boston, MA 02114
(t): 617-871-6030 | (f): 877-246-8795
(e): Rachel@rachelradolaw.com